# IN THE OREGON TAX COURT

## EMMEL
*v.*
## DEPARTMENT OF REVENUE
(TC 2577)

Plaintiff appeared *pro se.*

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 16, 1987.

### CARL N. BYERS, Judge.

Plaintiff contests the removal of 23 acres from special farm use assessment for the 1983-84 tax year, resulting in the subject property being assessed at market value. In this court, defendant also asserts an affirmative defense that plaintiff failed to follow the required administrative procedures.

The subject 23 acres is part of a 40-acre tract of zoned farm land located in Clackamas County. Under ORS 308.370, such land was specially assessed at its farm-use value until 1983. Based on observations made by personnel assigned to check on farm-use property, the assessor determined that 23

acres of plaintiff's 40-acre tract were not being used for farm use. By letter dated January 5, 1983, the assessor advised plaintiff that the subject property was being reclassified because "the land is no longer being used as farm land." The letter ended with "[a]ny appeal from this decision is made directly to the Department of Revenue within 90 days after this notice." (Def. Ex. A). Plaintiff responded to this notice by letter dated January 15, 1983, specifically referring to the county's letter of January 5, 1983, and protesting the reclassification. (Def. Ex. B). The assessor responded by letter dated February 4, 1983, explaining to plaintiff that "farm use statutes require 'current use' for farm purposes" and in the county's opinion, the subject property did not meet that requirement. (Def. Ex. C).

Over three years later, on March 18, 1986, plaintiff appealed the disqualification to the Department of Revenue. The department acknowledged plaintiff's appeal and wrote:

"Before we can consider your appeal, we need more information. * * * Please fill out one of the enclosed questionnaires. * * * If you don't answer this request within 30 days, your appeal could be dismissed." (Def. Ex. E).

No information was received from plaintiff.

In explanation of why she had waited so long to appeal, plaintiff testified that at the time of disqualification, she had been injured and was in a wheelchair. With regard to her failure to furnish information to the department, she "did not remember" if she had received the request for information and the appeal questionnaire.

On the issue of farm use, plaintiff stated that prior to 1982, the land had been leased to a Mr. Marvel for cattle grazing and the house and homesite were rented to a Mr. Lantz. Sometime prior to 1982, Mr. Lantz complained to plaintiff, who resides in California, that Mr. Marvel's cattle were "running wild" and had fouled the spring which provided water for the house. When the lease with Marvel expired, the cattle were removed and Mr. Lantz rented the entire 40-acre tract. Plaintiff contends that the assessor's visits occurred after the cattle were removed and before any planting could be done. Mr. Lantz concurred, however both he and plaintiff were vague about the exact time the cattle had been removed from the property.

A county appraiser viewed the property on October 16, 1981, and his field notes state:

> "Property idle - dead grass, weeds, etc. No evidence of agricultural use." (Def. Ex. G).

A second appraiser rechecked it on April 5, 1982, and noted that the acreage appeared to have been abandoned. A third check on October 11, 1982, resulted in the same opinion.

In all proceedings before the Tax Court, the burden of proof falls upon the party seeking affirmative relief. (ORS 305.427). Based on the evidence submitted by both parties, the court finds that plaintiff failed to show that the subject land was used "exclusively for farm use." Farm use requires "current employment of the land for the primary purpose of obtaining a profit in money" from various agricultural activities. ORS 215.203(2)(a).

Even if plaintiff could prevail on the merits, she has not shown "good and sufficient cause" for failing to follow the required administrative procedures. While plaintiff may have some reasonable cause for failing to timely contest the disqualification, the explanation of her failure to furnish the requested information to the Department of Revenue is not satisfactory.

The legislature delegated supervisory power to the Department of Revenue in cases where "good and sufficient" cause exists for taxpayer's failure to pursue the statutory scheme of appeal. (ORS 306.115). However, the legislature limits the department's authority to order a change or correction of the tax roll to "the current assessment year and for either of the two assessment years immediately preceding the current assessment year." When plaintiff appealed to the department in March 1986, the department could order a change only for 1986, 1985 and 1984. Plaintiff's appeal concerns tax year 1983.

Plaintiff's delay in pursuing this matter has placed her beyond the help of the Department of Revenue or this court.

The Department of Revenue's Opinion and Order No. 86-0623 is affirmed and judgment will be entered accordingly.

Costs to defendant.